*895 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The infant plaintiff, injured on July 13, 1988 by an oncoming car while riding his bicycle on Palmer Road in the Town of Schodack, brought suit against the Town, claiming negligent failure to maintain the roadside vegetation which had allegedly obscured the driver’s view of plaintiff. The Town pleaded as an affirmative defense that plaintiff had failed to comply with Town Law § 65-a, which requires as a condition precedent to suit that the Town had written or constructive notice of the allegedly dangerous condition prior to the accident. Plaintiff demonstrated at trial that the Town had constructive notice of the dangerous condition on Palmer Road as a result of two recent inspections.
After both parties had rested, counsel for the Town — himself having just discovered Schodack Town Code § 154-1 — requested that the trial court take judicial notice of that local law, which requires, in actions against the Town, that written notice of the dangerous condition be received prior to the accident. The court reserved decision on defendant’s motion to dismiss the complaint for failure to comply with the local law (see, CPLR 4401) and charged the jury that the Town would be liable if it had either actual or constructive notice of the defective condition. The jury returned a verdict for plaintiff, which the court set aside in granting defendant’s motion to dismiss on the ground that plaintiff had not satisfied the written notice requirement of the local law. The Appellate Division reversed and reinstated the verdict, holding that the Town should not be permitted to rely on the local law.
In the limited circumstances presented, we agree with the Appellate Division that plaintiff’s verdict should be reinstated. While the Town insists that it was not required to assert the local law notice requirement, a quite different scenario unfolded here precisely because of the action the Town did take. In its answer the Town pleaded Town Law § 65-a as an affirmative defense, and it stood by silently for more than two years as plaintiff successfully countered the defense by establishing constructive notice before the jury. We find persuasive plaintiff’s argument that the Town’s failure to assert its own local law in the circumstances presented deprived plaintiff of the opportunity to demonstrate that the Town had received *896 written notice of the condition or to challenge the procedural regularity of the local law.*

 Addressing the dissent, CPLR 4511 (a) is not determinative here. The purpose of that statute is to relieve parties of the burden of proving the substance of the enumerated laws (see, Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 4511, at 22; Legislative Studies and Reports, McKinney’s Cons Laws of NY, Book 7B, CPLR 4511, at 24; see also, Pfleuger v Pfleuger, 304 NY 148, 152). It does not obligate trial courts to take judicial notice of laws without regard to other considerations.
Moreover, Sega v State of New York (60 NY2d 183) is inapposite. In Sega, plaintiff did "not argue that she could have negatived the defense posed by [the newly raised statute] through the presentation of other evidence” (Sega, 60 NY2d, at 193). Plaintiff here asserts that he could have negatived the defense.