■ Norte & Co. et al., Appellants, v New York and Harlem Railroad Co. et al., Respondents. [635 NYS2d 629] —Order and judgment, Supreme Court, New York County (William Davis, J.), entered on August 9, 1994 and November 14, 1994, which, respectively, to the extent appealed from, granted defendants' cross motion for summary judgment and dismissed the second and third causes of action of plaintiffs' complaint, unanimously affirmed, without costs.

Plaintiffs are the minority shareholders of defendant New York and Harlem Railroad Co. ("the Harlem"), the owner of certain real property including the Grand Central Terminal. Defendant Penn Central Corporation ("Penn Central") is 97% owner of the Harlem's shares and leases the Grand Central Terminal and The Harlem Line pursuant to a 401 year lease executed in 1873. In 1972, Penn Central subleased this real property to the New York Metropolitan Transportation Authority (the "MTA") for a term of 60 years with an option to renew for an additional 30 years.

This action arises out of the approval by the majority of Harlem shareholders of an extension of the sublease agreement for the balance of the 401 year term and an agreement which allows the MTA an option to purchase the Grand Central Terminal and certain related railroad properties in approximately 25 years. By an interim order dated April 26, 1994, the IAS Court rejected plaintiffs' contention, advanced in their first cause of action, that the vote of the majority of the Harlem shareholders be set aside because plaintiffs did not receive notice of their appraisal rights under Business Corporation Law § 623 (k). No issue is presently raised concerning the court's ultimate dismissal of plaintiffs' first cause of action.

The court properly granted summary judgment dismissing plaintiffs' second and third causes of action upon the ground that plaintiffs' sole remedy is to seek the right of appraisal pursuant to Business Corporation Law § 623. Having alleged in

their complaint that defendants had improperly failed to advise them of their appraisal rights, and having asserted that the transactions at issue are within the purview of Business Corporation Law § 910, thereby triggering appraisal rights, plaintiffs are now judicially estopped from arguing that questions of fact exist with respect to this issue (*see, Shepardson v Town of Schodack*, 83 NY2d 894, *affg* 195 AD2d 630). Furthermore, there is no merit to plaintiffs' argument that the Business Corporation Law § 623 (k) exclusivity rule is inapplicable because they did not elect to exercise their appraisal rights. The Court of Appeals has squarely held that where the appraisal proceeding is available, and merely not exercised, the exclusivity rule applies (*Schloss Assocs. v Arkwin Indus.*, 61 NY2d 700, *revg on dissenting opn* 90 AD2d 149, 153-162).

Additionally, the court properly held that plaintiffs were precluded from invoking the exception to the exclusivity rule under Business Corporation Law § 623 (k) because plaintiffs' causes of action are asserted on behalf of the corporation and not in their individual capacities (*Breed v Barton*, 54 NY2d 82, 86). Plaintiffs admit the third cause of action alleging that Penn Central repudiated the master lease is a derivative action. The second cause of action for breach of fiduciary duty and fraud, although labeled as an individual and class action, asserts claims primarily on behalf of the corporation and, therefore, is derivative (*Abrams v Donati*, 66 NY2d 951, 953).

Defendants have specifically conceded that any exercise of the option by MTA will terminate the master lease and require Penn Central, as lessor, to turn over to the Harlem the proceeds of any sales of the Harlem's property, which proceeds currently are valued at approximately $97.5 million.

The court also did not improvidently exercise its discretion in denying plaintiffs leave to replead as recasting the complaint would have been futile in light of the court's holdings (*see, Saferstein v Mideast Sys.*, 143 AD2d 82, 83). Concur— Ellerin, J. P., Wallach, Ross, Asch and Mazzarelli, JJ.