■ DOROTHY L. FIELD et al., Appellants, v C.M. STUBELEK et al., Respondents. [657 NYS2d 58] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered May 17, 1996, which, upon the granting of the defendant Town of Southampton's motion for judgment as a matter of law and upon a jury verdict in favor of the defendants C.M. Stubelek and Jean N. Stubelek on the issue of liability, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

This action arises from an automobile collision at an intersection in Hampton Bays, in the Town of Southampton (hereinafter the Town). The injured plaintiff, who has no recollection of the accident, while travelling eastbound on East Tiana Road, was struck by a pick-up truck driven by the defendant C.M. Stubelek, who was proceeding southbound on Springville Road. The plaintiffs alleged that the Town was negligent in failing to keep roadside vegetation in the vicinity of the intersection adequately trimmed, thereby allegedly obscuring the sight distance at the intersection and preventing the drivers from seeing each other prior to the impact. The Town pleaded as an affirmative defense that the plaintiffs had failed to comply with the Town Law, which requires as a condition precedent to suit that the Town have written or constructive notice of the allegedly dangerous condition prior to the accident (Town Law § 65-a [1]). After the parties had rested, the court granted the Town's motion to dismiss the complaint for lack of prior written notice.

We agree with the Supreme Court's conclusion that the cause of action based on the Town's failure to maintain or trim roadside vegetation was subject to the Town Law's prior notice requirement. In view of the undisputed absence of prior written notice, and because the plaintiffs failed to produce evidence that the written notice requirement was excused because the Town had knowledge of the defect either through inspecting or performing work at the site, that cause of action was properly dismissed (see, Ferris v County of Suffolk, 174 AD2d 70; see also, Boucher v Town of Candor, 234 AD2d 669; Bounauito v Floyd School Dist., 203 AD2d 225; Levine v Sharon, 160 AD2d 840; see also, Shepardson v Town of Schodack, 195 AD2d 630, affd 83 NY2d 894; Monteleone v Incorporated Vil. of Floral Park, 74 NY2d 917).

The Supreme Court was also correct in dismissing the plaintiffs' cause of action based on the improper placement of a

stop sign and stop line on East Tiana Road inasmuch as the plaintiffs failed to establish a prima facie case.

Finally, we find that the jury's verdict in favor of the defendants C.M. Stubelek and Jean N. Stubelek is not against the weight of the evidence *(see, Nicastro v Park,* 113 AD2d 129). Bracken, J. P., Miller, Sullivan and McGinity, JJ., concur.