OPINION OF THE COURT
Louis C. Benza, J.
The State, by preanswer motion, seeks dismissal of these claims principally on the basis that the claims were untimely filed.
Claimants seek back pay and interest which they allege is due them for overtime work performed during the course of their employment with the New York State Police.
The three claims were initially commenced in Federal District Court during July and August 1989 by investigators and senior investigators employed by the New York State Police Bureau of Criminal Investigation pursuant to section 16 (b) of the Fair Labor Standards Act (FLSA) (29 USC § 216 [b]). The plaintiffs sought recovery of unpaid overtime compensation as well as liquidated damages and/or interest, declaratory relief, and attorneys’ fees and costs.
The Secretary of Labor (hereinafter Secretary) subsequently brought a separate enforcement action (Martin v State of New York, No. 89-CV-1110) in the United States District Court for the Northern District of New York on September 13, 1989. Unlike the private plaintiffs’ actions, however, the Secretary’s suit did not allege willful violations of the FLSA, nor did it seek liquidated damages on behalf of the investigators and senior investigators.
On January 14, 1991, the District Court denied the State’s motion to consolidate the Secretary’s case with the private *125 cases. The District Court entered ah order in each action enjoining the State from claiming the administrative exemption as to the investigators and requiring that the investigators be paid FLSA overtime compensation.
The District Court’s decision and order was affirmed by the United States Court of Appeals for the Second Circuit (Reich v State of New York, 3 F3d 581). The State appealed the Second Circuit’s decision to the United States Supreme Court. The Supreme Court subsequently denied the State’s petition for certiorari review of the Second Circuit’s decision (New York v Reich, 510 US 1163).
After the Supreme Court’s March 27, 1996 holding in Seminole Tribe v Florida (517 US 44, 116 S Ct 1114), the State brought a motion to dismiss, asserting that its sovereign immunity was offended by requiring it to litigate the FLSA claims in Federal court. On November 12, 1996 the District Court entered an order granting the State’s motion and dismissed the private actions based upon the State’s Eleventh Amendment immunity from suit in Federal court.
In early December 1996 the claimants filed the three claims presently before this court seeking retroactive pay to April 15, 1986.
The State argues that the claims were not timely filed with the court and served upon the Attorney-General within 90 days of accrual as required by Court of Claims Act § 10 (3) and § 11 (a).
It is undisputed that the accrual of a cause of action based upon a Federal statute is governed by Federal law (McAllister v Magnolia Petroleum Co., 357 US 221; Holmberg v Armbrecht, 327 US 392; Podraza v Carriero, 212 AD2d 331).
The United States Supreme Court, in Felder v Casey (487 US 131), held that the claim could not be dismissed on the ground that the plaintiff had failed to comply with the procedures imposed by the Wisconsin notice-of-claim statute on the basis that the requirements are preempted as inconsistent with Federal law.
The Supreme Court stated that States may establish the rules of procedure governing litigation in their own courts, but where State courts entertain a Federally created cause of action, the Federal right cannot be defeated by the forms of local practice (Felder v Casey, supra, at 138). The Court stated, however, that Congress did not intend to assign to State courts and Legislatures a conclusive role in the formative function of *126 defining and characterizing the essential elements of a Federal cause of action (supra, at 144).
The Supreme Court’s holding is not limited to Federal civil rights actions; it applies to all Federal rights asserted in State courts. On this point, the Court stated as follows: "The state notice-of-claim statute is more than a mere rule of procedure: as we discussed above, the statute is a substantive condition on the right to sue governmental officials and entities, and the federal courts have therefore correctly recognized that the notice statute governs the adjudication of state-law claims in diversity actions * * * In Guaranty Trust [326 US 99], supra, we held that, in order to give effect to a State’s statute of limitations, a federal court could not hear a state-law action that a state court would deem time barred. Conversely, a state court may not decline to hear an otherwise properly presented federal claim because that claim would be barred under a state law requiring timely filing of notice. State courts simply are not free to vindicate the substantive interests underlying a state rule of decision at the expense of the federal right” (Felder v Casey, supra, at 152).
Thus, based upon the holding in Felder (supra), we find and conclude that the 90-day filing requirement of the Court of Claims Act is not applicable to actions brought against the State arising under Federal law such as the actions asserted here.
None of the three claims were served and filed within three years of accrual as required by the three-year FLSA Statute of Limitations (29 USC § 255 [a]).
Claimants assert that Federal common law governing the equitable tolling of Federal limitation periods applies to these claims and that they were thus timely filed and served.
The plaintiff in Burnett v New York Cent. R. R. Co. (380 US 424) originally filed a Federal claim under the Federal Employers’ Liability Act (FELA) (45 USC § 51 et seq.) in Ohio State court. The District Court dismissed that action on grounds that it had not been filed within FELA’s three-year Statute of Limitations. Upon appeal of the dismissal, the Sixth Circuit rejected the plaintiff’s argument that the State of Ohio’s savings statute would apply to a claim brought under Federal law and further held that a Federal Statute of Limitations period could not be equitably tolled (Burnett v New York Cent. R. R. Co., 332 F2d 529 [6th Cir 1964]).
On appeal, however, the Supreme Court reversed the Sixth Circuit and concluded that FELA’s limitation period was equi *127 tably tolled so as to preserve the plaintiffs initial filing date in Ohio State court for purposes of his subsequent action in Federal District Court. At the outset of its decision, the Court noted that whether a Federal Statute of Limitations may be equitably tolled is a question of Federal law to be determined from whether "congressional purpose is effectuated by tolling the statute of limitations in given circumstances” (Burnett v New York Cent. R. R. Co., supra, at 427).
The decision in Burnett (supra) has been followed in Berry v Pacific Sportfishing (372 F2d 213, cert denied 389 US 821); in Fox v Eaton Corp. (615 F2d 716, cert denied 450 US 935); and in Valenzuela v Kraft, Inc. (801 F2d 1170). These claims were all started in a State court, dismissed, and recommenced in Federal court.
The only case similar to the instant case reviewed by this court is the case cited by claimants in their memorandum of law: Terminal Ry. v Mason (620 So 2d 637 [Ala]). Mason, pursuant to FELA, commenced an action in Federal court against a State-owned railroad. The action was dismissed on the grounds that it was barred by the Eleventh Amendment. Prior to the expiration of the time to appeal, Mason filed an identical action in Alabama State court. The Alabama Supreme Court, in affirming the lower court’s denial of defendant’s motion to dismiss for failure to file within the three-year Statute of Limitations, concluded that the Federal tolling law must apply to Federal statutes and, relying upon Burnett (supra), held that FELA’s limitation period had been equitably tolled during the pendency of the initial action in Federal court.
Given the State’s awareness — and litigation — of these FLSA claims in Federal court, it cannot be said that tolling the limitation period would in any way prejudice the State’s ability to defend the instant claims.
We find and conclude that the claims were timely filed with the court as they were timely commenced in Federal court and timely commenced in the Court of Claims after dismissal of the Federal action.
Therefore, based upon the foregoing, the State’s motion to dismiss is denied.
[Portions of opinion omitted for purposes of publication.]