[676 NYS2d 232]

JOHN F. AHERN et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 95288.) (And Two Other Related Claims.)

Third Department, July 9, 1998

8

### APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany (*Daniel Smirlock* of counsel), for appellant.

*Mulholland & Hickey,* Washington, D.C. (*Douglas L. Steele* of counsel), for John M. Moran, respondent.

*Michaels, Bell & Smolak, P. C.,* Auburn (*Jan M. Smolak* of counsel), for Gerald J. Long, respondent.

*Blitman & King, L. L. P.,* Syracuse (*Donald D. Oliver* of counsel), for John F. Ahern, respondent.

### OPINION OF THE COURT

MERCURE, J.

Each of the claimants is a State Police Investigator or Senior Investigator who participated as a plaintiff in one of three es-

sentially identical actions (hereinafter the individual actions) that were commenced in Federal District Court in 1989. Pursuant to 29 USC § 216 (b), the individual actions sought to recover unpaid overtime compensation for the three-year period immediately preceding commencement of the action, as well as related declaratory relief, liquidated damages and counsel fees, based upon the State's willful violation of the Fair Labor Standards Act ([hereinafter FLSA] 29 USC § 201 *et seq.*). Soon after the commencement of the individual actions, the Secretary of Labor brought a separate enforcement proceeding (hereinafter the government action) pursuant to 29 USC § 217 alleging the State's liability for payment of unpaid overtime compensation for a period of two years preceding commencement of that action. Following a grant of summary judgment in favor of the Investigators, affirmed on appeal by the Second Circuit Court of Appeals (*Reich v State of New York*, 3 F2d 581, *cert denied* 510 US 1163), the individual actions were dismissed in November 1996 on constraint of the United States Supreme Court's decision in *Seminole Tribe v Florida* (517 US 44) which, the parties all agree, compels the conclusion that the 11th Amendment[1] deprives Federal courts of nonconsensual jurisdiction over FLSA claims against a State.

Within 30 days following the dismissal of the individual actions, claimants instituted the present claims in the Court of Claims, asserting precisely the same causes of action and seeking the same relief as in the individual actions. Prior to answering, the State moved to dismiss the claims, asserting as here relevant that (1) the Court of Claims lacks subject matter jurisdiction over the claims because of claimants' failure to file the claims within six months of their accrual (*see*, Court of Claims Act § 10 [4]) and (2) the claims are precluded by the prior commencement of the government action (*see*, 29 USC § 216 [b]; § 217). In a thorough and well-reasoned opinion, the Court of Claims denied the motion in all respects (174 Misc 2d 123). The State appeals, and we affirm.

The first of the assertions advanced by the State, based on claimants' alleged noncompliance with Court of Claims Act § 10 (4), is grounded in the doctrine of sovereign immunity,

---

**1.** The 11th Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

which in its most fundamental terms provides that the "[S]tate, as a sovereign body, is immune to suit unless consent to such suit has been given" (62 NY Jur 2d, Government Tort Liability, § 1, at 334). As a corollary, and somewhat more to the point here, is the basic precept that in waiving its immunity, the State is free to impose conditions, including the express condition that a claimant comply with the provisions of the Court of Claims Act (see, *Conklin v Palisades Interstate Park Commn.*, 282 App Div 728). Claimants' opposition to this branch of the State's dismissal motion is based upon the Supremacy Clause[2] and the principle that "States may establish the rules of procedure governing litigation in their own courts * * * [but] where state courts entertain a federally created cause of action, the 'federal right cannot be defeated by the forms of local practice'" (*Felder v Casey*, 487 US 131, 138, quoting *Brown v Western Ry.*, 338 US 294, 296).

In fact, the United States Supreme Court has many times addressed the conflict between the Supremacy Clause and States' sovereign immunity, consistently holding that a State's right to impose conditions on suits against it will bow to the overriding interest in enforcing the clearly established rights of parties under controlling Federal law (see, *Howlett v Rose*, 496 US 356, 367; *Felder v Casey, supra*, at 144; *Employees v Missouri Pub. Health Dept.*, 411 US 279, 298; *Garrett v Moore-McCormack Co.*, 317 US 239, 245; see also, *Jacoby v Arkansas Dept. of Educ.*, 331 Ark 508, 962 SW2d 773). As recognized by the Court of Claims, the enforcement of a State notice-of-claim statute in a Federal cause of action asserted against a public employer in State court will have the impermissible effect of interfering with and frustrating the substantive right created by Congress (see, *Felder v Casey, supra*, at 151; see also, *Howlett v Rose, supra*, at 377). It cannot be questioned that Congress has expressly made the FLSA applicable to the States (29 USC § 203 [x]; § 216 [b]; see, *Garcia v San Antonio Metro. Tr. Auth.*, 469 US 528) and provided for a three-year Statute of Limitations (29 USC § 255 [a]), substantially at variance with the six-month limitations period that the State would impose.

Nonetheless, borrowing liberally from 11th Amendment analysis and applying its own creative construction of *Seminole*

---

**2.** The Supremacy Clause (US Const, art VI, cl 2) provides: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

*Tribe v Florida* (*supra*), the State reasons that "[i]f, in the absence [of] a waiver, Congress lacks the power to abrogate state sovereign immunity from FLSA suits in federal court, then it must also lack the power to define or expand the conditions of a State's waiver of immunity to FLSA suits in the State's own courts". We are not persuaded. The patent error in the State's analysis is that it fails to account for the fact that "the Eleventh Amendment deals only with federal *jurisdiction* to hear suits against the states, *not* with the states' immunity from suit in any forum" (*Bartlett v Bowen*, 816 F2d 695, 710; see, *Nevada v Hall*, 440 US 410, 420-421; *Hufford v Rodgers*, 912 F2d 1338, 1340-1341, *cert denied* 499 US 921; *Harrington v Grayson*, 764 F Supp 464, 470). In *Seminole Tribe v Florida* (*supra*), the United States Supreme Court merely held that the 11th Amendment prevents a private party from suing a State in Federal court, not that Federal statutes do not apply equally to both non-State and State defendants (*see, Idaho v Coeur d'Alene Tribe*, 521 US 261, 269-270; *Pennhurst State School & Hosp. v Halderman*, 465 US 89, 99-100). As the United States Supreme Court "ha[s] stated on many occasions, 'the Eleventh Amendment does not apply in state courts'" (*Hilton v South Carolina Pub. Rys. Commn.*, 502 US 197, 204-205, quoting *Will v Michigan Dept. of State Police*, 491 US 58, 63-64; see, *Jacoby v Arkansas Dept. of Educ., supra*).

Having concluded that the State claims were not subject to the six-month limitation of Court of Claims Act § 10 (4), the next inquiry is whether the claims were commenced within the applicable three-year Statute of Limitations of 29 USC § 255 (a). Consistent with their position on the previous issue, claimants assert that their State actions are entitled to equitable tolling, a Federal common-law doctrine that serves to toll Federal limitations periods on claims that have been dismissed in one forum for want of jurisdiction and then promptly refiled in a court of competent jurisdiction (*see, Burnett v New York Cent. R. R. Co.*, 380 US 424; *Herb v Pitcairn*, 325 US 77; *Terminal Ry. v Mason*, 620 So 2d 637 [Ala]; *cf., O'Hara v Bayliner*, 89 NY2d 636, 645-646, *cert denied* — US —, 118 S Ct 78). In view of the fact that the State was on notice of (and, in fact, actively defended) claimants' claims as early as 1989, and given claimants' exercise of due diligence in preserving their rights by timely commencing the individual actions and in re-filing in State court within 30 days of the District Court's dismissal (*see*, Fed Rules App Pro, rule 4 [a] [1]), we agree with the Court of Claims' conclusion that the congressional purpose

is effectuated by tolling the Statute of Limitations with regard to these claims (*see*, *Burnett v New York Cent. R. R. Co.*, *supra*, at 427-428).

Finally, reasonable application of the foregoing analysis begs the conclusion that the present claims were commenced at the time of institution of the individual actions and, as such, that the government action did not precede the institution of claimants' claims. We accordingly conclude that 29 USC § 216 (b) does not operate to bar the present claims.

The State's remaining contentions have been considered and found to be unavailing.

MIKOLL, J. P., CREW III, YESAWICH JR. and CARPINELLO, JJ., concur.

Ordered that the order is affirmed, with costs.