■ ANN M. MITCHELL et al., Appellants, v ANDRUS LA BARGE et al., Individually and as Members of the Town Board of the Town of Ulster, et al., Respondents. [684 NYS2d 10] —Cardona, P. J. Appeal from an order of the Supreme Court (Graffeo, J.), entered March 24, 1998 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs are current and former employees of defendant Town of Ulster in Ulster County. At the time they were hired, the regular work week was a total of 30 hours, Monday through Friday, from 9:00 A.M. until 4:00 P.M. with one nonpaid lunch hour. In January 1996, a new Town Board unilaterally increased plaintiffs' hours to 35 hours per week from 9:00 A.M. until 5:00 P.M. without paying additional compensation. Thereafter, plaintiffs commenced this action against defendants, the individual members of the Town Board, and the Town, alleging breach of contract and failure to negotiate in good faith. Following joinder of issue, defendants moved for summary judgment dismissing the complaint on the ground, *inter alia*, that plaintiffs failed to file a written notice of claim as required by

Town Law § 65 (3). Supreme Court granted the motion and this appeal ensued.

Plaintiffs challenge two aspects of the dismissal. First, they assert that the Federal claims alleged in their complaint should not have been dismissed because the notice of claim provisions of Town Law § 65 (3) do not apply to such claims. We note that plaintiffs are correct in their assertion that Federal law preempts State and municipal notice of claim statutes (*see, Felder v Casey*, 487 US 131, 138; *Ahern v State of New York*, 244 AD2d 7, 10; *Gorman v Sachem Cent. School Dist.*, 232 AD2d 452, 453). In any event, turning to the merits, the sole Federal claim set forth in the complaint alleges that defendants violated the Fair Labor Standards Act (29 USC § 201 *et seq.*) by their refusal to bargain in good faith. Contrary to plaintiffs' claim, however, the Fair Labor Standards Act does not impose a duty upon an employer to negotiate in good faith. Rather, the statute sets forth minimum wage and maximum hour requirements (*see*, 29 USC §§ 206, 207) and the particular section relied upon by plaintiffs specifies the exceptions to these requirements (*see*, 29 USC § 213). Inasmuch as plaintiffs' complaint fails to state a Federal cause of action, dismissal of the claim was appropriate.

Plaintiffs' second contention is that the complaint should not have been dismissed against defendants who are individual members of the Town Board because a notice of claim is not a condition precedent to an action against them. While this statement of law is also true (*see, Schiavone v County of Nassau*, 41 NY2d 844, 845), plaintiffs clearly indicated in their bill of particulars that liability was not being sought against the individual members of the Town Board. Therefore, they are estopped from taking a contrary position on appeal (*see, Shepardson v Town of Schodack*, 195 AD2d 630, 632, *affd* 83 NY2d 894) and the dismissal of the complaint was proper. Notwithstanding our conclusion that plaintiffs' contentions lack merit, we decline to impose sanctions as requested by defendants as we do not find that plaintiffs have engaged in frivolous conduct (*see*, 22 NYCRR 130.1.1 [c]).

Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.