OPINION OF THE COURT
George B. Ceresia, Jr., J.
Plaintiff alleges that prior to November 19, 1996 he was *946 employed by the New York State Department of Correctional Services (Corrections). He alleges that during September 1996 he notified Corrections that he would need to take leave on successive Tuesdays beginning on October 15, 1996 to bring his wife to prenatal medical appointments and Lamaze classes. He did so on three occasions, October 15, October 29 and November 5, 1996.[1] It is alleged that on November 12, 1996 he again brought his wife to her prenatal medical appointment; that he was subsequently charged with being absent without leave; that he was suspended from his employment on November 15, 1996; and that he was discharged from his employment on November 19, 1996.
Plaintiff has commenced the above-captioned action pursuant to the Federal Family and Medical Leave Act (FMLA) (see, 29 USC § 2601 et seq.). It is alleged that his wife suffered from multiple complications with respect to her pregnancy which constituted a “serious health condition” as that term is defined in 29 USC § 2611 (11). Plaintiff seeks a declaration that defendants’ termination of plaintiff’s employment was in violation of 29 USC § 2615. He also seeks an order granting an injunction to reinstate the plaintiff to his position as Correction Officer (including retention of seniority) and money damages.
Prior to commencement of the instant action plaintiff had commenced an action in United States District Court for the Northern District of New York for similar relief. Chief Judge Thomas McAvoy, in a decision dated August 17, 1998, determined, inter alia, that the action was barred by application of the Eleventh Amendment of the United States Constitution (see, McGregor v Goord, 18 F Supp 2d 204 [1998]).
Defendants have made a motion pursuant to CPLR 3212 for summary judgment. Defendants maintain that the action is barred under the Tenth and Eleventh Amendments of the United States Constitution. Plaintiff opposes the motion arguing, inter alia, that the Eleventh Amendment of the United States Constitution has no application to an action in State court and that the State has waived its protection under the doctrine of sovereign immunity.
With respect to defendants’ arguments in connection with the Eleventh Amendment, the case of Seminole Tribe v Florida *947 (517 US 44 [1996]) stands for the proposition that the Eleventh Amendment prevents a private party from suing a State in Federal court.[2] As noted by the Third Department, Appellate Division, in Ahern v State of New York (244 AD2d 7, 11 [1998], quoting Hilton v South Carolina Pub. Rys. Commn., 502 US 197, 204-205), “ ‘ “the Eleventh Amendment does not apply in state courts” ’ ”. Thus, the court is of the view that the Eleventh Amendment has no application to the instant action.[3]
Turning to defendants’ arguments under the Tenth Amendment of the United States Constitution,[4] the court notes that “[t]he Tenth Amendment protects States from intrusion by the federal government” (Close v State of New York, 125 F3d 31, 39 [2d Cir 1997]). “It addresses state sovereignty generally and limits Congress’ exercise of power pursuant to Article I” (supra, at 39). As stated in Garcia v San Antonio Metro Tr. Auth. (469 US 528, 549 [1985]): “The States unquestionably do 'retai[n] a significant measure of sovereign authority’ (EEOC v. Wyoming, 460 U.S., at 269 [Powell, J., dissenting]). They do so, however, only to the extent that the Constitution has not divested them of their original powers and transferred those powers to the Federal Government. In the words of James Madison to the Members of the First Congress: ‘Interference with the power of the States was no constitutional criterion of the power of Congress. If the power was not given, Congress could not exercise it; if given, they might exercise it, although it should interfere with the laws, or even the Constitution of the States’ (2 Annals of Cong. 1897 [1791]).”
In Garcia v San Antonio Metro Tr. Auth. (supra) it was held that the Federal Fair Labor Standards Act (FLSA) (see, 29 *948 USC § 201 et seq.) was applicable to States and, accordingly, subjected them to minimum wage and overtime obligations imposed by Congress. The United States Supreme Court in Garcia (supra) found that under the Commerce Clause,[5] the Federal Government had been granted the power to regulate wages and overtime pay. In so ruling, the Supreme Court found that there was nothing in the overtime and minimum wage requirements that was destructive of State sovereignty or was violative of any constitutional provision.
The Garcia case (supra) is especially significant with regard to its application to the case at bar. The court discerns no meaningful difference with respect to the power of Congress under the Commerce Clause to regulate the minimum wage and overtime pay of this Nation’s employees and Congress’ power to legislate with respect to other aspects of employment, specifically, family and medical leave. Thus, in the court’s view, to the very same extent that the FLSA has been found to not be violative of the Tenth Amendment, it is the court’s conclusion that, likewise, the FMLA is not violative of said Amendment.
In view of the foregoing, the court concludes that defendants’ motion for summary judgment must be denied.

. He also did so on October 22, 1996, but this was a regularly scheduled vacation day.

. The Eleventh Amendment recites: “The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.”

. The court is mindful that the Supreme Judicial Court of the State of Maine has decided differently (see, Alden v State, 715 A2d 172 [1998], cert granted — US —, 119 S Ct 443, affd 527 US —, 119 S Ct 2240 [held: the Eleventh Amendment bars suit in State court against the State under the Fair Labor Standards Act]). Nonetheless, the court agrees with the Appellate Division’s determination in Ahem (supra) — which is, of course, binding upon this court that “ ‘the Eleventh Amendment deals only with federal jurisdiction to hear suits against the states, not the states’ immunity from suit in any forum’ ” (Ahern v State of New York, supra, at 11, quoting Bartlett v Bowen, 816 F2d 695, 710 [emphasis in original]).

. The Tenth Amendment recites: “[Reserved Powers To States.] The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.”

. Under United States Constitution, article I, § 8, clause (3), Congress is given the power “To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes”.