OPINION OF THE COURT
Francis T. Collins, J.
The motion of the defendant for an order pursuant to CPLR 3212 granting it summary judgment dismissing those portions of the claim which accrued more than six months prior to February 10, 1998 is granted. In all other respects the motion is denied.
Claimants, persons who currently hold or in the past have held the title of Senior Examiner for the Department of Audit and Control, filed this claim on February 10, 1998. The claim seeks to recover unpaid overtime compensation for the period of June 1992 to the present, together with liquidated damages and attorneys’ fees pursuant to the Fair Labor Standards Act of 1938 ([FLSA] 29 USC § 201 et seq.). Claimants allege that their homes are designated as their “official stations” and that they commute from their homes to various political subdivisions on a daily basis in order to conduct audits of the municipal books and records. While.the claimants are paid mileage for travel between their homes and the audit sites, it is alleged that the defendant has denied their request for payment for the hours spent traveling to and from the assigned audit location (see, Manners v State of New York, 183 Misc 2d 382 [Collins, J.] [a State employee is not entitled to overtime compensation for the time spent commuting between his official station and his work station]).
Claimants originally pursued their FLSA claim through an action filed on June 23, 1994 in the United States District Court for the Western District of New York (Speers v State of *909 New York, 94-CFV-6331C). On February 12, 1997, the District Court dismissed that action upon the ground that the Eleventh Ajnendment of the US Constitution barred the litigation pursuant to the decision of the United States Supreme Court in Seminole Tribe v Florida (517 US 44). Claimants chose not to pursue an appeal to the United States Court of Appeals for the Second Circuit and instead commenced this claim. The third affirmative defense in the answer alleges with the requisite specificity (Villa v State of New York, 228 AD2d 930) that the Court of Claims lacks subject matter jurisdiction of the claim as it was not timely served and filed within 180 days of accrual as required by Court of Claims Act § 10 (4).
By this motion, the defendant seeks to dismiss the claim in its entirety for failure to adequately set forth the time and place of the claim’s accrual as required by Court of Claims Act § 11 (b). Alternatively, the defendant moves for dismissal of so much of the claim as pertains to matters arising more than six months preceding the date of service and filing of the claim as well as the claimants’ request for liquidated damages and attorneys’ fees. Claimants argue that the claim adequately states the time and place of the claim’s accrual and that the claim is timely in that the time limitations contained in section 10 of the Court of Claims Act may not be applied at the expense of a Federal right (see, Ahern v State of New York, 174 Misc 2d 123, affd 244 AD2d 7).
With respect to the timeliness defense, analysis begins with a review of the Third Department decision in Ahern (supra). Ahern was a claim brought by New York State Police investigators and senior investigators to recover unpaid overtime compensation, liquidated damages and counsel fees pursuant to the FLSA. The Ahern claimants originally brought suit in Federal District Court but the action was dismissed based upon the Seminole Tribe decision (supra). The claimants then commenced a claim in this court within 30 days following dismissal of the Federal court action. The State moved to dismiss upon the ground that the Court of Claims lacked jurisdiction in that the claim was not filed within six months of accrual as required by Court of Claims Act § 10 (4). The Appellate Division described the defendant’s position (at 10-11) as follows: “[Borrowing liberally from 11th Amendment analysis and applying its own creative construction of Seminole Tribe v Florida (supra), the State reasons that ‘[i]f, in the absence [of] a waiver, Congress lacks the power to abrogate state sovereign immunity from FLSA suits in federal court, then it must also *910 lack the power to define or expand the conditions of a State’s waiver of immunity to FLSA suits in the State’s own courts.’ ”
The Appellate Division rejected the State’s position upon the grounds that the Eleventh Amendment dealt only with Federal jurisdiction to hear suits against a State in Federal court, and the United States Supreme Court decision in the case of Felder v Casey (487 US 131) held that a State could not impose a time limitation upon a Federal cause of action created by Congress (see, Mitchell v La Barge, 257 AD2d 834). Defendant argues that the decision of the United States Supreme Court in the case of Alden v Maine (527 US 706) undermines Ahern (supra) and requires that the time limitations contained in section 10 of the Court of Claims Act be applied to FLSA claims. The court agrees.
At the outset, the court recognizes that it is bound by determinations of the Appellate Division in the absence of an overriding decision by a higher court (Miller v Miller, 109 Misc 2d 982). Alden (supra) is such a ruling. Alden was a suit by probation officers brought against the State of Maine in State court to recover overtime, counsel fees and liquidated damages pursuant to the FLSA. Maine argued that on the basis of sovereign immunity, which it had not waived, it was immune from a FLSA lawsuit in its own court. The Supreme Court undertook an extensive review of the history of sovereign immunity and the Eleventh Amendment and held (527 US, at 754) as follows: “In light of history, practice, precedent, and the structure of the Constitution, we hold that the States retain immunity from private suit in their own courts, an immunity beyond the congressional power to abrogate by Article I legislation.”
Thus, the attempt by Congress, pursuant to its article I powers, to abrogate a State’s sovereign immunity from FLSA suits in its own court was unconstitutional. The Supreme Court in Alden (supra) went on to hold that the State of Maine had not waived its sovereign immunity with respect to FLSA claims and, of critical importance in this case, specifically held (527 US, at 758) that: “To the extent Maine has chosen to consent to certain classes of suits while maintaining its immunity from others, it has done no more than exercise a privilege of sovereignty concomitant to its constitutional immunity from suit.”
In the above-quoted language, the United States Supreme Court specifically recognized that a State has the right to determine the parameters of its waiver of sovereign immunity *911 by permitting certain classes of suits while prohibiting others. At page 2 of its memorandum of law, the State concedes that its waiver of sovereign immunity extends to a claim for wages under the FLSA. It contends, however, that the waiver is conditioned upon compliance with the time limitations for service and filing of a claim contained in sections 10 and 11 of the Court of Claims Act which constitute jurisdictional conditions precedent to an action against the State in the Court of Claims. Citing Felder (supra) claimants argue at page 1 of their memorandum of law that where “the State has chosen to subject itself to suit in its courts for violations of the Fair Labor Standards Act, it cannot mold the contours of the rights conferred by the Act to suit itself.”
In Felder (supra), an arrestee allegedly beaten during the course of his arrest by police officers employed by the City of Milwaukee failed to meet the requirements of the Wisconsin notice of claim statute in bringing his State court action against the City and certain of the arresting officers under 42 USC § 1983. The Supreme Court held that the Supremacy Clause preempted the Wisconsin notice of claim requirement in a section 1983 action brought in State court.
Claimants’ reliance upon Felder (supra) in the context of the instant action, and subsequent to the Supreme Court’s decision in Alden (supra), is misplaced. First, a State is not subject to suit in section 1983 actions (Cavanaugh v Doherty, 243 AD2d 92) and, therefore, issues relative to a State’s immunity from suit in its own courts were not directly relevant in an action such as Felder which involved a municipal defendant.
Furthermore, the Federal rights protected in Felder (supra) arise under 42 USC § 1983 which was enacted pursuant to the enforcement powers granted in section 5 of the Fourteenth Amendment which accords far greater power to Congress to override the sovereign immunity of the States than does article I of the US Constitution. The Supreme Court in Alden (supra) specifically recognized the power of Congress to override the sovereign immunity of the States in enforcing the Fourteenth Amendment when it stated (527 US, at 756) as follows: “We have held also that in adopting the Fourteenth Amendment, the people required the States to surrender a portion of the sovereignty that had been preserved to them by the original Constitution, so that Congress may authorize private suits against nonconsenting States pursuant to its § 5 enforcement power. Fitzpatrick v. Bitzer, 427 U. S. 445 (1976). By imposing explicit limits on the powers of the States and granting *912 Congress the power to enforce them, the Amendment ‘fundamentally altered the balance of state and federal power struck by the Constitution.’ Seminole Tribe, 517 U. S., at 59. When Congress enacts appropriate legislation to enforce this Amendment, see City of Boerne v. Flores, 521 U. S. 507 (1997), federal interests are paramount, and Congress may assert an authority over the States which would be otherwise unauthorized by the Constitution.”
Indeed, section 5 of the Fourteenth Amendment specifically provides that “the Congress shall have power to enforce, by appropriate legislation, the provisions of this article.” Clearly, under the Alden holding (supra), Congress possesses the authority to abrogate the sovereign immunity of the States in enforcing rights protected by the Fourteenth Amendment, including the power to vitiate State time limitations which act to burden or impede such rights. Under Alden, Congress does not have the same power to abridge a State’s sovereign immunity when exercising its article I authority in attempting to protect rights created by the FLSA. Simply put, under the Fourteenth Amendment Congress has the authority to override a State’s sovereign immunity in protecting a Federal cause of action while under article I it does not. As a result, Ahern (supra) provides little guidance in determining the scope of the State’s sovereign immunity from suits against it in State court under the FLSA.
As Alden (supra) specifically holds that it is up to each State to determine under what conditions it consents to waive its sovereign immunity from suit the issue becomes whether compliance with the time limitations set forth in section 10 of the Court of Claims Act constitutes an integral part of the waiver and a condition precedent to the pursuit of FLSA claims in this court. When the State consents to suit in a single enactment waiving its sovereign immunity premised upon compliance with time requirements, those time requirements are an integral part of the waiver (Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 93 NY2d 375). It is axiomatic “that a statute in derogation of the sovereignity [sic] of a State must be strictly construed, waiver of immunity by inference being disfavored” (Sharapata v Town of Islip, 56 NY2d 332, 336).
Section 8 of the Court of Claims Act expressly provides that the State “hereby waives its immunity from liability * * * provided the claimant complies with the limitations of this article” (see, Court of Claims Act § 9 [2] [conditioning this *913 court’s jurisdiction to hear and determine a claim upon the requirement that “the claimant complies with the limitations of this article”]). Applying a strict construction to the foregoing requires a conclusion that the State’s waiver of immunity is expressly conditioned upon meeting the jurisdictional limitations contained in article II of the Court of Claims Act, including the limitations as to timely service and filing of a claim in section 10. As such, the limitations represent an integral part of the waiver, the failure to comply with which deprives this court of jurisdiction to entertain the claim (Lichtenstein v State of New York, 93 NY2d 911; Dreger v New York State Thruway Auth., 81 NY2d 721; Crair v Brookdale Hosp. Med. Ctr., 259 AD2d 586; Selkirk v State of New York, 249 AD2d 818; Park v State of New York, 226 AD2d 153). Therefore, this court joins with the decision of its sister States (Butterfield v State, 163 Ore App 227, 987 P2d 569; Allen v Fauver, 327 NJ Super 14, 742 A2d 599), and Judge McNamara of this court (Bergmann v State of New York, claim No. 97565, motion Nos. M-60457, M-60458, filed Nov. 23,1999) in determining that the claimants’ failure to meet the time limitation contained in Court of Claims Act § 10 (4) requires the dismissal of all portions of the claim relative to matters occurring more than six months preceding the date upon which the claim was served and filed.
As to the availability of liquidated damages, except as otherwise limited by its express terms (see, infra), section 8 of the Court of Claims Act subjects the State to liability in the same manner as a private person or corporation. Liquidated damages under the FLSA may be recovered against a private employer and constitute compensation, not a penalty or punitive damages (Brothers v Branch Motor Express Co., 60 Mise 2d 835, 840). Consequently, the request for liquidated damages is proper and will not be dismissed.
Nor will the court act to dismiss that part of the claim which seeks to recover attorneys’ fees. Court of Claims Act § 8 expressly conditions the State’s waiver of immunity upon a claimant’s compliance with “the limitations of this article,” namely, article II of the Act pertaining to jurisdiction. Section 27 of the Court of Claims Act provides in pertinent part that counsel or attorneys’ fees may not be allowed to any party. However, section 27 is part of the practice provisions found in article III of the Act and falls outside the article II limitations referenced in section 8 as conditioning the State’s waiver of immunity. As such, the proscription against the award of attorneys’ fees contained in section 27 does not represent a *914 reservation of immunity and the State, having waived its immunity with regard to FLSA actions except as otherwise conditioned in article II, is subject to the provisions of the Federal Act authorizing the recovery of counsel fees.
Finally, defendant’s contention that the claim is defective under Court of Claims Act § 11 (b) because it does not set forth the time and place of the claim’s accrual lacks merit. All that is required in the claim is substantial compliance with section 11 so as to permit the State to be able to investigate (Grumet v State of New York, 256 AD2d 441). The court finds that the claimants have substantially complied with the requirements of the Court of Claims Act in that they have adequately set forth the time when and place where the claim accrued. Since the FLSA requires the defendant as employer to keep all records concerning the incurring of overtime, the defendant was in a position to investigate these claims if it met its obligation under the Federal legislation.