■ H. KENNEDY BERGMANN et al., Appellants, v STATE OF NEW YORK, Respondent. [722 NYS2d 82] —Crew III, J. P. Appeals (1) from an order of the Court of Claims (McNamara, J.), entered November 23, 1999, which, *inter alia,* partially denied claimants' application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim, and (2) from that part of a judgment of said court, entered April 20, 2000, upon a decision of the court in favor of the State against claimant Randall S. Davis.

On December 26, 1997 claimant Randall S. Davis (hereinafter claimant), a State employee, and two others similarly situated filed a claim against the State for overtime compensation pursuant to the Fair Labor Standards Act of 1938 (29 USC §§ 201-219 [hereinafter FLSA]). The claim sought compensation for overtime allegedly worked during 1996 and 1997. The State answered and raised various affirmative defenses, including lack of subject matter jurisdiction.

Prior to the time the subject claim was filed, the Court of Claims had ruled that the relevant Statute of Limitations period for FLSA claims brought against the State in the Court of Claims was that set forth in the Federal statute—two years for nonwillful violations of the FLSA and three years for willful violations (*see*, 29 USC § 255 [a])—and not the more stringent six-month Statute of Limitations contained in Court of Claims Act § 10 (4) (*see, Ahern v State of New York*, 174 Misc 2d 123). That decision was subsequently affirmed by this Court in July 1998, wherein we held that "the enforcement of a State notice-of-claim statute in a Federal cause of action asserted against a public employer in State court [would] have the impermissible effect of interfering with and frustrating the substantive right created by Congress," to wit, the more expansive Statute of Limitations period existing under Federal law (*Ahern v State of New York*, 244 AD2d 7, 10). Approximately one year later, the United States Supreme Court decided *Alden v Maine* (527 US 706) which, as will be discussed, clarified the parameters of state sovereign immunity under the United States Constitution.

Thereafter, on September 29, 1999, the State moved to dismiss the underlying claim, contending that those portions of the claim that accrued prior to June 1997 (six months prior to the December 1997 filing date) were time barred. The following day, claimant and his co-claimants moved for, *inter alia*, a determination that the claim was timely or, in the alternative, permission to file a late claim. The Court of Claims concluded that this Court's prior decision in *Ahern v State of New York* (244 AD2d 7, *supra*) was no longer controlling in light of the United States Supreme Court's decision in *Alden v Maine* (*supra*) and, as a result, the court applied the six-month Statute of Limitations set forth in Court of Claims Act § 10 (4). Hence, any portion of the claim that accrued prior to June 26, 1997 was deemed to be untimely. Ultimately, the Court of Claims, *inter alia*, dismissed claimant's claim in its entirety and denied his application for leave to file a late claim, prompting this appeal.*

We affirm. Initially, we agree that the United States Supreme Court's decision in *Alden v Maine* (*supra*) effectively overrules our prior decision in *Ahern v State of New York* (244 AD2d 7, *supra*). In *Alden*, the United States Supreme Court

---

* Although claimants H. Kennedy Bergmann and Kevin B. Kraus appealed from the November 23, 1999 order denying their application for leave to file a late claim, no brief has been filed on their behalf and, apparently, they have elected to abandon their appeal.

held, as a matter of first impression, "that the powers delegated to Congress under Article I of the United States Constitution do not include the power to subject nonconsenting States to private suits for damages in state courts" (*Alden v Maine, supra*, at 712). In so ruling, the Court explicitly rejected the argument that the Supremacy Clause provided Congress with the authority to apply the FLSA to states without their consent (*id.*, at 731-732). "We reject any contention that substantive federal law by its own force necessarily overrides the sovereign immunity of the States. When a State asserts its immunity to suit, the question is not the primacy of federal law but the implementation of the law in a manner consistent with the constitutional sovereignty of the States" (*id.*, at 732). Hence, in the wake of *Alden*, it is apparent that the United States Constitution does not authorize application of the FLSA to individual states in their own courts without their consent.

As applied to the matter before us, the State's waiver of sovereign immunity is found in Court of Claims Act § 8, which provides, in relevant part, that "[t]he state hereby waives its immunity from liability and action * * * and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, *provided the claimant complies with the limitations of this article*" (emphasis supplied). One such limitation is embodied in Court of Claims Act § 10 (4), which provides for a six-month Statute of Limitations for, *inter alia*, FLSA claims brought against the State. As the Court of Appeals has noted, " '[b]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed' " (*Lichtenstein v State of New York*, 93 NY2d 911, 913, quoting *Dreger v New York State Thruway Auth.*, 81 NY2d 721, 724). As claimant plainly failed to comply with the time limitations set forth in Court of Claims Act § 10 (4), his claim was properly dismissed.

We reach a similar conclusion with respect to claimant's application for permission to file a late claim. Such applications are governed by Court of Claims Act § 10 (6), which permits the filing of a late claim "at any time before an action asserting a like claim against a citizen of the state would be barred under the provisions of [CPLR article 2]"—here, the two or three-year Statute of Limitations set forth in the FLSA. The failure to file such application within the proscribed time period "creates a jurisdictional defect and the court is without discretionary power to grant nunc pro tunc relief" (*Byrne v State of New*

*York,* 104 AD2d 782, 783, *lv denied* 64 NY2d 607 [emphasis omitted]).

Claimant acknowledges in his brief that all of his damages accrued prior to September 30, 1996. As his application for permission to file a late claim was not filed until September 30, 1999—more than three years after his claim accrued—such application was properly denied. We have examined claimant's remaining arguments and find them to be lacking in merit.

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that order and judgment are affirmed, without costs.