■ BENJAMIN ALSTON et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 97954.) [722 NYS2d 85] —Crew

III, J. Appeal from an order of the Court of Claims (Collins, J.), entered April 12, 2000, which granted the State's motion to dismiss the claim for lack of subject matter jurisdiction.

In November 1991, claimant Benjamin Alston and 102 others similarly situated brought an action against the State in the United States District Court for the Northern District of New York pursuant to the Fair Labor Standards Act of 1938 (29 USC § 201 *et seq.* [hereinafter FLSA]) seeking to recover for overtime allegedly worked during 1989 and 1990. In 1997, the District Court granted the State's motion to dismiss the claim based upon the United States Supreme Court's decision in *Seminole Tribe v Florida* (517 US 44), which held that the 11th Amendment deprives Federal courts of nonconsensual jurisdiction over FLSA claims against a state. In 1998, claimants brought the instant action in the Court of Claims, asserting the same causes of action and seeking the identical relief as had been sought in the Federal action. The State answered the claim, denied the material allegations and asserted, *inter alia*, that the Court of Claims lacked subject matter jurisdiction because of claimants' failure to file the claim within six months of its accrual. Thereafter, the State successfully moved to dismiss the action for lack of subject matter jurisdiction, prompting this appeal.

Initially, we reject claimants' assertion that the United States Supreme Court's recent decision in *Alden v Maine* (527 US 706) did not serve to undermine the rationale for our holding in *Ahern v State of New York* (244 AD2d 7). As we recently have held, "the United States Supreme Court's decision in [*Alden*] effectively overrules our prior decision in [*Ahern*]" (*Bergmann v State of New York*, 281 AD2d 731, 732). *Alden* clearly holds that the Supremacy Clause does not confer authority upon Congress to abrogate a state's sovereign immunity in its own courts without its consent (*Alden v Maine, supra*, at 732). Consequently, when New York waived its immunity subject to a six-month Statute of Limitations for FLSA claims brought against it (*see*, Court of Claims Act § 10 [4]), such limitation could not be overridden by the article I powers delegated to Congress, whereby a two or three-year Statute of Limitations was created for FLSA claims (*see, Alden v Maine, supra*, at 732-733). Accordingly, the Court of Claims properly held that it lacked subject matter jurisdiction to adjudicate claimants' claim.

We further reject claimants' contention that the State waived its defense based upon sovereign immunity in acknowledging claimants' overtime eligibility. Failure to file a claim within

the applicable six-month limitation period is a nonwaivable jurisdictional defect that deprives the Court of Claims of subject matter jurisdiction (*see*, Court of Claims Act § 10 [4]; *cf.*, *Chapman v State of New York*, 261 AD2d 814).

Cardona, P. J., Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.