■ Francine Kellman, Appellant-Respondent, v Stephen R. Whyte et al., Respondents-Appellants. [10 NYS3d 232]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered November 18, 2013, which, to the extent appealed from as limited by the briefs, denied defendants' motion to compel arbitration of plaintiff's claims against defendants Whyte and Vitus Group Inc., stayed plaintiff's claims against those defendants pending a final determination of arbitration of plaintiff's claims against the other defendants, and denied plaintiff's motion for leave to amend the complaint, unanimously modified, on the law, to grant defendants' motion, vacate the stay, and dismiss the complaint, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

This dispute involves monies purportedly owed pursuant to an employment letter and a related limited liability company operating agreement. The arbitration clause in the operating agreement, which plaintiff signed, compels plaintiff to arbitrate all of her claims, even her claims against nonsignatories to the agreement, because plaintiff's claims are intertwined with the agreement (*Hoffman v Finger Lakes Instrumentation, LLC*, 7 Misc 3d 179, 184-185 [Sup Ct, Monroe County 2005]; *see also Carroll v Leboeuf, Lamb, Greene & MacRae, L.L.P.*, 374 F Supp 2d 375, 378 [SD NY 2005]). In determining whether plaintiff's claims are subject to arbitration, the employment letter and operating agreement should be read together. The employment letter expressly incorporates the operating agreement by stating, among other things, that the operating agreement would set forth the detailed profit sharing agreement between the parties (*see Progressive Cas. Ins. Co. v C.A. Reaseguradora Nacional De Venezuela*, 991 F2d 42, 47 [2d Cir 1993]). Plaintiff cannot disavow the operating agreement because she failed to read it before she signed it (*see Matter of Continental Stock Transfer & Trust Co. v Sher-Del Transfer & Relocation Servs.*, 298 AD2d 336 [1st Dept 2002]).

Because all of plaintiff's claims are subject to arbitration, the stay should be vacated and the complaint should be dismissed (*see Rubin v Sona Intl. Corp.*, 457 F Supp 2d 191, 198 [SD NY 2006]). Plaintiff's proposed amendments to the complaint do not warrant a different result (*see Norte & Co. v*

*New York & Harlem R.R. Co.*, 222 AD2d 357, 358 [1st Dept 1995], *lv denied* 88 NY2d 811 [1996]).

We have considered plaintiff's remaining contentions for affirmative relief and find them unavailing. Concur—Friedman, J.P., Saxe, Manzanet-Daniels, Feinman and Gische, JJ. ▮