■ CRAIG E. SPEERS et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 97790.) [728 NYS2d 302] —Crew III, J. P. Appeals (1) from an order of the Court of Claims (Collins, J.), entered February 25, 2000, which, *inter alia*, granted the State's motion for summary judgment dismissing that portion of the claim which accrued more than six months preceding the date upon which the claim was served and filed, and (2) from an order of said court, entered July 20, 2000, which granted the State's motion for summary judgment dismissing the remainder of the claim.

Claimants are employees or former employees of the State and are/were Senior Examiners for the Department of Audit and Control, Division of Municipal Affairs, Bureau of Municipal Examinations. The record reflects that claimants maintained offices in their respective homes and traveled from their homes to the various municipalities where they performed their audit duties. While the State reimbursed claimants for the expenses incurred in traveling from their homes to the various municipalities that they were auditing, it did not credit such time for the purposes of overtime compensation. As a consequence, claimants filed this claim against the State on February 10, 1998 seeking compensation for their travel time from their homes to their various work sites pursuant to the Fair Labor Standards Act of 1938 (*see*, 29 USC § 201 *et seq.* [hereinafter FLSA]).

Following the filing of its answer, the State moved for dismissal of the claim, and the Court of Claims granted the motion to the extent of dismissing those portions of the claim that accrued more than six months prior to the filing thereof. Thereafter, the State moved for summary judgment dismissing the remainder of the claim based upon collateral estoppel and claimants' failure to demonstrate a violation of the FLSA. The Court of Claims granted the State's motion and these appeals ensued.

Initially, we have no quarrel with the Court of Claims' dismissal of that portion of the claim that accrued more than six months preceding the date upon which the claim was served and filed. As our prior decisions in *Bergmann v State of New York* (281 AD2d 731) and *Alston v State of New York* (281 AD2d 741, *lv granted* 96 NY2d 714) make clear, claimants were required to comply with the time limitations set forth in Court of Claims Act § 10 (4) and, having failed to do so, cannot be heard to complain.

We now turn to claimants' appeal from the order entered July 20, 2000 granting the State's motion for summary judgment dismissing the balance of the claim. While the FLSA prohibits employers from requiring their employees to work more than 40 hours per week without compensating them for overtime, an employer is not required to pay an employee overtime for traveling to and from the actual place of performance of the principal activity that such employee is required to perform (see, 29 USC § 254 [a]). Claimants point out that, inasmuch as they are not provided office space at any State location, the State has designated their homes as their official stations. Claimants contend that they travel to various municipalities to gather information, which they then take to their homes and use to prepare their audit reports. Thus, claimants maintain, they are undertaking to perform principal activities at their homes, and travel time between their homes and the municipalities where they gather information constitutes compensable overtime. The State, on the other hand, maintains that the designation of their homes as "official stations" has been done so that claimants may receive mileage reimbursement for travel from their "official stations" to their "official work stations," which are the audit sites. The State further maintains that claimants' homes are not intended to be places where principal activities of employment are performed and that the State is, therefore, not in violation of the FLSA.

Although the State makes a compelling argument in this regard, its evidentiary support primarily consists of the written decision of an arbitrator, which addressed the issue of overtime compensability pursuant to the collective bargaining agreement between claimants' union and the State. While the arbitrator's decision was based upon, *inter alia*, sworn testimony of certain State employees, the decision itself does not constitute proof in admissible form and, as such, the State failed to sustain its burden on the motion for summary judgment. To the extent that the State argues, as an alternative basis for affirming, that claimants should be collaterally estopped from raising an FLSA claim based upon their participation in binding arbitration, we need note only that the State did not appeal from the Court of Claims' July 20, 2000 order rejecting the application of the doctrine of collateral estoppel and, as such, that issue is not properly before us.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order entered February 25, 2000 is affirmed, without costs. Ordered that the order entered July 20, 2000 is reversed, on the law, without costs, and the State's motion for summary

judgment dismissing that portion of the claim accruing less than six months preceding the date upon which it was served and filed is denied. [*See, 288 AD2d —, Nov. 15, 2001.*]