*466 OPINION OF THE COURT
Christopher J. McCarthy, J.
For the reasons set forth below, claimant’s motion for partial summary judgment is denied as moot and that branch of the State’s cross motion to dismiss the claim as untimely served and filed pursuant to Court of Claims Act § 10 (3) and § 11 is granted.
The court begins by addressing the portion of the State’s cross motion which alleges that claimant failed to timely serve either a notice of intention or a claim within the applicable limitations periods (see affirmation of Glenn C. King ¶¶ 7-13). Claimant’s opposition to the cross motion raises the following questions: (1) what time limit governs the filing of the instant claim; (2) was it filed late; (3) were affirmative defenses of untimely service raised by defendant with sufficient particularity to preserve them; and (4) if preserved, were such affirmative defenses nevertheless waived by defendant because it did not amplify on them in response to claimant’s demand for a bill of particulars (see affirmation in opposition to defendant’s cross motion to dismiss of Raul A. Tabora, Jr. ¶¶ 7, 10-16, 20).
The claim alleges injury to Mr. Czynski as a result of sexual harassment under title IX of the Education Amendments of 1972 (20 USC § 1681 et seq.), as well as negligent retention and supervision by the State of its employee. It also asserts the doctrine of respondeat superior. The claim alleges that the injury accrued during the 1998-1999 school year. The notice of intention is more specific, stating that the claim arose beginning in August 1998 and continuing through May 4, 1999. In opposing the cross motion, claimant cites the notice of intention and repeats that accrual period (see affirmation of Raul A. Tabora, Jr. ¶ 7). A prior decision and order in connection with this claim likewise determined that “[t]he alleged offending conduct commenced in August 1998 and continued through May 4, 1999” (Czynski v State of New York, Ct Cl, Aug. 8, 2001, Sise, P.J., Claim No. 104234, Motion No. M-63540, UID No. 2001-028-549). A notice of intention to file a claim was served personally upon the Attorney General on November 5, 1999. A claim was subsequently served personally upon the Attorney General and filed with the Clerk of the Court on May 7, 2001.
What time limit governs the filing of the claim? Defendant asserts that it is governed by the provisions of the Court of Claims Act applicable to personal injury actions. Fursuant to those *467 terms, claimant was required to file and serve his claim within 90 days from the date of accrual unless, as he elected to do instead, a written notice of intention to file a claim was served upon the Attorney General within such time period. Since a notice of intention was served in this instance, the claim itself was required to be filed and served upon the Attorney General within two years after the accrual of the claim (to the extent the claimant asserts injuries caused by negligence or unintentional torts) or within one year (to the extent he asserts intentional torts) (Court of Claims Act § 10 [3], [3-b]). In either case, claimant was required to initiate action within 90 days of the claim’s accrual.
Claimant asserts, by contrast, that his claim for violation of a federal statute is governed by Court of Claims Act § 10 (4). Under that statute, the requisite period for serving and filing the claim was within six months of its accrual unless a written notice of intention was served upon the Attorney General within such time period. Since a notice of intention was served in this instance, the claim itself was required to be filed and served upon the Attorney General within two years after the accrual of the claim. Claimant relies on Speers v State of New York (285 AD2d 872 [2001]) for the proposition that Court of Claims Act § 10 (4) governs in this instance.
Based upon the court’s review of the cited case, it concludes that claimant’s reliance on Speers is misplaced. The Speers case concerned an employment contract and that is why Court of Claims Act § 10 (4) was deemed applicable. Title IX does not contain a statute of limitations. However, the United States Court of Appeals, Second Circuit, held in Curto v Edmundson (392 F3d 502, 504 [2004]):
“While we have not yet had occasion to determine the appropriate statute of limitations for Title IX claims, our sister circuits that have confronted the issue have concluded that Title IX claims are most closely analogous to personal injury actions and, therefore, have borrowed the state statute of limitations for personal injury actions.”
The United States District Court for the Southern District of New York cited Curto in determining that the “statute of limitations applicable to personal injury actions brought under New York state law applies to federal claims under Title IX” (AB ex rel. EF v Rhinebeck Cent. School Dist., 361 F Supp 2d 312, 314 [2005]). Thus, the court concludes that the cause of action alleg *468 ing a title IX violation under federal law is governed by Court of Claims Act § 10 (3) or (3-b).
The second question presented is whether the claim was timely filed and served. The notice of intention was served personally upon defendant on November -5, 1999, which is six months and one day after the claim’s May 4, 1999 accrual date. Thus, it was not timely served and filed within 90 days of accrual as required by Court of Claims Act § 10 (3) or (3-b). Moreover, assuming arguendo that Court of Claims Act § 10 (4) was applicable, the claim is still untimely since the notice of intention was not served within six months of accrual as the statute requires.
Finally, even assuming arguendo that the notice of intention was timely served, the claim itself is untimely. The claim is dated May 7, 2001 and was served personally upon the Attorney General and filed with the Clerk of the Court on the same date. Thus, the claim is untimely because it was neither served and filed within one year of accrual, as would be required by Court of Claims Act § 10 (3-b), nor within two years of accrual as would be required if either Court of Claims Act § 10 (3) or (4) was applicable.
Court of Claims Act § 10 is more than a statute of limitations; it is a jurisdictional prerequisite to bringing and maintaining an action in this court (De Marco v State of New York, 43 AD2d 786 [1973], affd 37 NY2d 735 [1975]; Antoine v State of New York, 103 Misc 2d 664 [1980]). Failure to timely comply with the statutory filing requirements of the Court of Claims Act constitutes a fatal jurisdictional defect requiring dismissal (Buckles v State of New York, 221 NY 418 [1917]; Ivy v State of New York, 27 AD3d 1190 [2006]; Byrne v State of New York, 104 AD2d 782 [1984], lv denied 64 NY2d 607 [1985]).
Section 11 (a) of the Court of Claims Act requires that the Attorney General be served either personally or by certified mail, return receipt requested, within the applicable limitations period (90 days in this instance). It is well established that failure to timely serve the Attorney General in strict compliance with Court of Claims Act § 11 gives rise to a jurisdictional defect (see Finnerty v New York State Thruway Auth., 75 NY2d 721, 723 [1989]; Matter of Dreger v New York State Thruway Auth., 177 AD2d 762, 763 [1991], affd 81 NY2d 721 [1992]; Suarez v State of New York, 193 AD2d 1037, 1038 [1993]).
Pursuant to Court of Claims Act § 11 (c), however, any such defect is waived unless it is raised with particularity as an affir *469 mative defense either by motion to dismiss prior to service of the responsive pleading, or in the responsive pleading itself (see Knight v State of New York, 177 Misc 2d 181, 183 [1998]). Thus, the third question posed by the State’s cross motion and claimant’s opposition thereto is whether defendant raised its affirmative defenses with sufficient particularity to preserve them.
In its answer, defendant asserted as its fourth defense that “[t]he Court lacks jurisdiction of the claim since no notice of intention or claim was served upon the Attorney General within 90 days of the accrual of the causes of action as required by Sections 10 (3), (3-b) and 11 (a) of the Court of Claims Act.” Moreover, defendant asserted as its seventh defense that:
“The Court lacks jurisdiction since no claim was filed with the Court within two years of the accrual of the causes of action as required by Sections 10 (3) and 11 (a) of the Court of Claims Act, or within one year of the accrual of any causes of action for intentional tort as required by Sections 10 (3-b) and 11 (a) of the Court of Claims Act.”
The quoted language, raised in the appropriate pleading, states the nature of the defense, the statute(s) relied upon and sets forth the required time period and claimed defect. The court finds that defendant has raised the defenses with the requisite particularity to satisfy Court of Claims Act § 11 (c) (Villa v State of New York, 228 AD2d 930, 931 [1996], lv denied 88 NY2d 815 [1996] [statement that court lacked jurisdiction over matter “since no notice of intention was served on the Attorney General within 90 days of accrual” found legally sufficient]; Goudie v State of New York, Ct Cl, May 10, 2001, Mignano, J., Claim No. 97194, Motion Nos. M-63375, CM-63422, UID No. 2001-029-073, affd 291 AD2d 432 [2002], lv denied 98 NY2d 602 [2002] [statement that “Court lacks jurisdiction . . . due to Claimant’s failure to timely serve the notice of intention and the claim ... in accordance with Court of Claims Act Sections 10 and 11, which requires (sic) service and filing of the notice of intention or claim within ninety days of the accrual date” found sufficient]; Ramirez v State of New York, 171 Misc 2d 677, 679 [1997] [statement that “Claimant served neither a notice of intention nor the claim on the State within ninety (90) days of the claim’s alleged accrual, as required by Court of Claims Act § 10 (3)” found sufficient]). Thus, the defenses are available to defendant upon establishment of proper facts.
Fourth and finally, claimant asserts that defendant’s verified bill of particulars fails to mention or expand upon the notice is *470 sue and defendant has waited more than five years to assert the timeliness defenses. He contends that the failure to address the timeliness defenses in the bill of particulars is further evidence that the objections were waived pursuant to Court of Claims Act § 11 (c) (affirmation in further opposition to defendant’s cross motion to dismiss of Raul A. Tabora, Jr. 1i 13).
The court disagrees with claimant’s assertion. As set forth above, the court finds the defenses to have been raised with particularity in the State’s answer. Thus, responding to a request for a bill of particulars as to those defenses, which were raised with particularity, may well have been redundant. In any event, CPLR 3042 (c) provides that, if a party fails to respond to a demand for a bill of particulars in a timely fashion, or fails to comply fully with a demand, the party seeking the bill of particulars may move to compel compliance or, if the failure is willful, for the imposition of penalties pursuant to CPLR 3042 (d) and 3126. Thus, if claimant was dissatisfied in any way with defendant’s responses, his remedy would have been to make a motion to compel compliance.
Despite the fact that the State’s cross motion to dismiss was made some 5x/2 years after the claim was served and filed, the defenses were properly and timely raised with particularity in the State’s answer. The Court of Claims has often considered methods of requiring that the State be more diligent in acting upon jurisdictional defenses. However, regardless of the court’s preferences, the tactical decisions of counsel concerning the timing of a motion to dismiss or motion for summary judgment, absent violation of the CPLR or improper conduct, are not proper subjects for either reliance by opposing counsel or review by this court.
Based upon the foregoing, the State’s cross motion to dismiss the claim on the basis of untimely service and filing is granted and the claim is dismissed. The claimant’s motion for partial summary judgment, as well as the remainder of defendant’s cross motion to dismiss, are denied as moot.