OPINION OF THE COURT
W. Brooks DeBow, J.
Claimant seeks damages against his former employer, the State of New York, arising from payments owed to him upon his retirement from the New York State Department of Taxation and Finance. Defendant moved for summary judgment dismissing the claim, and claimant opposed the motion and cross-moved for summary judgment. In an interim decision and order filed June 30, 2008, this court held the motion and cross motion in abeyance pending further submissions addressing various issues of law raised by the parties, including whether this court has jurisdiction to hear a claim for a violation of the federal Fair Labor Standards Act (FLSA), the adequacy of the pleadings, whether New York law should be used to interpret a federal statute, and whether the federal statutes upon which claimant relies are applicable to this claim. The parties have submitted additional memoranda, and the motions are now amenable to decision. For the reasons that follow, claimant’s cross motion for summary judgment will be denied and defendant’s motion for summary judgment dismissing the claim will be granted.
The relevant facts of this matter are undisputed. When claimant retired from state employment on July 12, 2004, he was entitled to payment for five days of deferred — or lagged— *329 salary plus accrued vacation time in the total amount of $8,778.08.[1] On July 14, 2004, claimant was paid for the pay period that ended on June 30, 2004. On July 28, 2004, claimant was paid the wages for the days he had worked during the pay period of July 1 through July 14, 2004, the last pay period during which he actually worked. On the next payday on August 11, 2004, claimant received no payment. On the following payday, August 25, 2004, he was paid the full amount of $8,778.08 for the lagged salary and accrued vacation time.
The claim alleges that on August 11, 2004, defendant failed and refused to pay him the amounts that were due him (see claim If 3). Claimant asserts that payment of these amounts on August 25, 2004 — one payroll period after he anticipated being paid them — was tardy, and that the late payment of the lagged pay and accrued vacation time is actionable in accordance with provisions of the FLSA (29 USC § 201 et seq.). In relevant part, 29 USC § 216 (b) provides:
“Any employer who violates the provisions of section 206 [maximum hours] or section 207 [minimum wage] of this title shall be liable to the employee ... in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. [In an action pursuant to this provision], [t]he court in such action shall, in addition to any judgment awarded to the plaintiff . . . allow a reasonable attorney’s fee to be paid by the defendant, and costs of the action.”
Conceding that he has been paid all of the lagged salary and accrued vacation time that was due to him, claimant argues that the FLSA was violated by the allegedly untimely payment, and he seeks liquidated damages in the amount of $8,778.08 plus attorney’s fees and costs pursuant to 29 USC § 216 (b).
Jurisdiction
Although defendant argued otherwise in its initial submission, it now properly concedes that a claim for damages pursuant to the FLSA is one over which the Court of Claims has jurisdiction (see Dolan v State of New York, Ct Cl, July 1, 2002, Collins, J., UID No. 2002-015-271, claim No. 104921, motion No. M-64839). Defendant argues, however, that the court lacks *330 jurisdiction over the claim on the ground that the claim does not comply with the substantive pleading requirements of Court of Claims Act § 11 (b).
Court of Claims Act § 11 (b) requires a claim to state, among other things, “the time when and place where such claim arose, the nature of same, [and] the items of damage or injuries claimed to have been sustained.” These pleading requirements are jurisdictional in nature, and must be strictly construed (see Lepkowski v State of New York, 1 NY3d 201, 206-207 [2003]). The guiding principle informing the pleading requirements of Court of Claims Act § 11 (b) is “ ‘to enable the State ... to investigate the claim [s] promptly and to ascertain its liability under the circumstances’ ” (id. at 207, quoting Heisler v State of New York, 78 AD2d 767, 767 [4th Dept 1980]). Here, the pleading alleges that claimant was an employee of the New York State Department of Taxation and Finance, that defendant failed to pay claimant’s wages on August 11, 2004, and that claimant suffered damages as a result of defendant’s alleged violation of the federal and state laws and constitutions (see Friedman affirmation, Feb. 4, 2008, exhibit A). Defendant expressly acknowledges that “the level of detail provided in the pleadings was sufficient to comply with the substantive requirements of the Court of Claims Act § 11 (b) in that it provided sufficient information to allow the Defendant to investigate the claim” (defendant’s mem of law, dated July 10, 2008, at 4).
Defendant nevertheless argues that the pleading is jurisdictionally defective because “[claimant did not plead and seek liquidated damages and attorney’s fees, pursuant to the FLSA, which is an essential part of the what, where and when of the claim” (id.). Claimant’s pleading demands $100,000, which is an adequate statement of the total sum claimed even though it is substantially more than the amount now sought by claimant (cf. Kolnacki v State of New York, 8 NY3d 277, 281 [2007]; Ocean Side v State of New York, Ct Cl, Sept. 6, 2007, Scuccimarra, J., UID No. 2007-030-559, claim No. 113496, motion Nos. M-73339, M-73603). Defendant does not cite, nor has the court found, any authority or precedent suggesting that a claim must recite the specific statutory provision providing a claimed remedy to satisfy the jurisdictional pleading requirements of Court of Claims Act § 11 (b). In essence, this contention attempts to bootstrap an argument for summary judgment (that the facts do not support a cause of action under the FLSA) onto the jurisdictional pleading requirements. Therefore, to the *331 extent defendant seeks an order dismissing the claim for lack of jurisdiction (see CPLR 3211 [a] [2]), such relief will not be granted.
Summary Judgment
The remaining part of defendant’s motion seeks summary judgment dismissing the claim for failure to state a viable cause of action under the FLSA for liquidated damages and attorney’s fees; claimant cross-moves seeking summary judgment on the ground that defendant violated the FLSA and awarding damages pursuant to 29 USC § 216 (b). As recited above, 29 USC § 216 (b) authorizes a court to award such damages upon finding a violation of 29 USC § 206 or § 207. Thus, the dispositive issue in the parties’ competing motions for summary judgment is whether defendant’s payment to claimant of lagged pay and accrued vacation time on August 25, 2004 violated one of those provisions.
Claimant does not indicate whether he alleges a violation of FLSA section 206 or section 207. Section 207 of the FLSA is entitled “Maximum hours” and it is addressed to payment of overtime wages. Nothing in claimant’s papers suggests that he was entitled to unpaid overtime compensation, and thus, 29 USC § 207 is patently irrelevant to this claim and the parties’ motions for summary judgment. Section 206 of the FLSA is entitled “Minimum wage,” and its provisions set forth the minimum hourly rate of pay and the applicability of that section. That section is violated when payment for wages earned is not promptly made on the payday on which such payment is normally made (see Biggs v Wilson, 1 F3d 1537, 1544 [9th Cir 1993], cert denied 510 US 1081 [1994]). Here, it is undisputed that claimant was not paid his lagged salary or accrued vacation time on August 11, 2004, which was the first payday following the last payday on which claimant was paid.[2]
With respect to lagged salary, claimant argues that such payment was inarguably “wages” and further argues that, in accordance with Biggs v Wilson (supra), defendant was required to pay those wages no later than the payday on August 11, 2004, *332 essentially contending that the allegedly tardy payment of the lagged wages constitutes a per se violation of the FLSA (see claimant’s mem of law, dated Mar. 5, 2008, at 6; claimant’s further mem of law, dated July 31, 2008, at 4). Defendant contends that lagged pay does not necessarily fall within the rigid construction of Biggs that claimant asserts. In Rogers v City of Troy, N.Y. (148 F3d 52 [2d Cir 1998]), the Second Circuit concluded, inter alia, that the institution of a lag pay schedule did not necessarily offend the prompt payment requirement of the FLSA, provided that lagging pay does not result in an “unreasonable delay in the payment of wages” (id. at 60 [emphasis added]). That court’s imposition of a standard of reasonableness clearly indicates that however strictly the FLSA may be applied to regularly scheduled wage payments (i.e., wages paid for work performed at or about the time payment is made), it is not to be so strictly construed with respect to lagged pay. Here, defendant has offered documentation demonstrating that upon an employee’s termination or retirement, lagged pay is paid in a lump sum together with vacation accruals, that such payment may be made immediately upon separation, but that in any event, lump sum payments are to be made after a “two payroll waiting period” (Friedman affirmation in reply, Mar. 13, 2008, exhibit A, at 2). Claimant does not contend that the timing of such payments is unreasonable in general, or that the payment of his lagged pay — one payroll period later than he expected it — was unreasonably delayed. Inasmuch as the failure to pay the wages on August 11, 2004 is not a per se violation of the FLSA (see Rogers, supra), defendant has demonstrated its entitlement to judgment as a matter of law with regard to the lagged wages.
Turning to the issue of whether accrued vacation time is “wages” subject to the provisions of the FLSA, the parties agree that the FLSA has no statutory definition that would settle the question. There are no federal court decisions that discuss the issue. Defendant brings one unreported decision to the court’s attention, in which it was held without analysis or elaboration that the FLSA does not address the payment of accrued vacation time (see Oliver v Layrisson, 1996 WL 80097, *5, 1996 US Dist LEXIS 1985, *12-13 [ED La 1996], affd on other grounds 106 F3d 397 [5th Cir 1997]). The parties agree, however, that the court should turn to New York State law addressing whether accrued vacation pay should be considered as wages for purposes of the FLSA.
*333 Claimant relies upon the following language in article 6 of the Labor Law, which is entitled “Payment of Wages”: “The term ‘wages’ . . . includes benefits or wage supplements as defined in section one hundred ninety-eight-c” (Labor Law § 190 [1]) and “the term ‘benefits or wage supplements’ includes . . . vacation, separation or holiday pay” (Labor Law § 198-c [2]). Claimant fails to acknowledge, however, that Labor Law § 190 (1) expressly states that the inclusion of “benefits or wage supplements” in the definition of “wages” shall not apply to Labor Law § 191, a section entitled “Frequency of payments” that addresses the time period within which wages must be paid, and which appears to be a corollary to the prompt payment requirement of the FLSA. In a case deciding whether employees should be paid for vacation time that they had accrued but did not enjoy because they left employment prior to the scheduled vacation period, it was stated “that ‘vacation pay’ was not included in ‘wages’ for the purpose of the mandatory provisions of section 191 as to the time of payment of wages upon the termination of employment” (see Matter of Glenville Gage Co. v Industrial Bd. of Appeals of State of N.Y., Dept. of Labor, 70 AD2d 283, 286 [3d Dept 1979], affd 52 NY2d 777 [1980]; see also Gennes v Yellow Book of N.Y., Inc., 23 AD3d 520 [2d Dept 2005]; De-Leonardis v Credit Agricole Indosuez, 2000 WL 1773512, 2000 US Dist LEXIS 17332 [SD NY 2000]). Thus, to the extent New York statutory provisions should be utilized to define defendant’s obligations under the FLSA, it appears that such provisions support defendant’s argument that accrued vacation pay is not “wages” within the meaning of 29 USC § 206. This is consistent with the Federal District Court’s holding in Oliver v Layrisson (supra), which, notwithstanding its lack of discussion, this court is inclined to follow in the absence of contradictory federal decisions. Accordingly, defendant has demonstrated its entitlement to judgment as a matter of law, in that vacation pay is not “wages” under the FLSA.
“Summary judgment is a drastic remedy that deprives a litigant of his or her day in court, and it ‘should only be employed when there is no doubt as to the absence of triable issues’ ” (Kolivas v Kirchoff, 14 AD3d 493 [2d Dept 2005], quoting Andre v Pomeroy, 35 NY2d 361, 364 [1974]). On the undisputed facts and upon these competing motions for judgment as a matter of law, defendant has demonstrated that: (1) the minimally tardy payment of the lagged salary in this case is not actionable under *334 the FLSA; and (2) vacation pay does not fall within the ambit of section 206 of the FLSA.
Accordingly, it is ordered, that motion No. CM-74619 is denied, and it is further ordered, that motion No. M-74524 is granted, and claim No. 111061 is dismissed.

. Claimant was due $1,254.01 in lagged salary, and $7,524.07 for accrued vacation time (see Friedman affirmation, exhibit C).

. Claimant takes issue with defendant’s use of the phrase “not contemporaneously earned wages” to describe the lump payment received by claimant on August 25, 2004. It is clear to the court that defendant is utilizing this phrase to distinguish wages that are paid on a regular schedule that correlates directly to an employee’s work schedule from amounts that are paid to compensate an employee for lagged salary and accrued vacation time.