Alshami v State of New York (2025 NY Slip Op 52171(U))

[*1]

Alshami v State of New York

2025 NY Slip Op 52171(U)

Decided on December 10, 2025

Court Of Claims

Vargas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 10, 2025
Court of Claims

Mohamed Alshami, HISHAM ABDULFATTAH, FEMI ADESINA, FRANCISCO AMADOR, LESLY BATAILLE, HENRY BETANCOURT, IAN CADOGAN, CAROL CAIN, JACQUELINE DE LA ROSA, MARIO DIAZ, LAMEEK DIMMOCK, CLIFFORD DUNKLEY, BENEDICT EVWARAYE, DARRELL FYFFE, JESSICA GARCIA, ALONZO GOLDEN, LEONARDO GONZALEZ, FRANCISCO GUZMAN, MAX HAMLET, MD SAIFUL HAQUE, GRACE HENRY, DAVID IRIZARRY, JAMAR JAMISON, THELMA JONES, TOHNY KEO, AURELIO LEWIS SHAYOLANDA LEWIS, ANDRE LIVERPOOL, ROSELIN LUNA, CECIL MEED, NADEEM MOHAMMAD, NICHOLAS MONTE, CHRISTOPHER NIEVES, GLENN NOCERA, ALPHONSUS OJEVWE, TANESHA ORRIDGE, TONY PACHECO, JADA PATTERSON, JEFFREY PAWELL, ANTHONY PESTANA, MOHAMMED RASHID, BONNIE RAWLS, ANTONIO RAY, CARLOS RIOS, TAISH ROCHESTER, EDWIN RODRIGUEZ Jr., KENNY ROSS, JOSE RUIZ, DUCAL RUSSELL, MICHAEL SAPPLETON, YEHIA SHEHATA, ROBERT SOTILLIO, TRAVIS ST. JOHN, CHARLENE SUAREZ, MICHAEL THOMPSON, TANYA THOMPSON, DERRICK TROTMAN, WEI-LIANG TSAI, RAYMOND TURNER, ELMA VALDEZ, MARTIN VIGILANCE, JUANITA WHITE, SCHNEQUIA WHITE, ROAN WYNTER, MOHAMMED ZAMAN, individually and on behalf of all other similarly situated,
Claimants,

againstState of New York and City University of New York, Defendants.

Claim No. 144248

For ClaimantsValli Kane & Vagnini, LLPBy: Robert J. Valli, Jr., Sara Wyn Kane, Matthew L. Berman, and Brendan Carman, Esqs.Mehri & Skalet, PLLCBy: Michael D. Lieder, Esq. 
Cyrus Mehri, Esq. For DefendantsHon. Letitia James, Attorney General of the State of New YorkBy: Shawn M. Cestaro, Esq., Assistant Attorney General

Javier E. Vargas, J.

Papers Considered:
Notice of Motion, Affirmation & Exhibits Annexed 1-7
Affirmation in Opposition & Exhibits Annexed 8
Upon the foregoing papers, the Motion by Defendants, State of New York (hereinafter "State") and the City University of New York (hereinafter "CUNY"), to dismiss the Claim filed by Claimants, Mohamed Alshami, Hisham Abdulfattah, Femi Adesina, Francisco Amador, Lesly Bataille, et al. (hereinafter "claimants"), is denied in accordance with the following decision.
By Claim filed July 10, 2025, a total of 62 claimants commenced the instant 1,129-paragraph, 154-page Claim against the State and CUNY, seeking to recover monetary damages for alleged violations of the Fair Labor Standards Act of 1938 (see 29 USC § 201 et seq. [hereinafter "FLSA"]), for failure to appropriately compensate campus security employees at CUNY's senior colleges. Specifically, the Claim asserts five types of FLSA violations with respect to overtime for weeks in which claimants worked forty hours per week, including: (1) the time spent by officers putting on and taking off their uniform and equipment; (2) shift and fire safety differentials which form the basis for overtime rates; (3) shift supervisors' pre and post tour work; (4) interrupted meal breaks; and (5) liquidated damages for failure to pay overtime on the first payday after work is performed (see Claim, at 3-5, ¶¶ 7-10, 12). Claimants refer to a table contained in paragraph 82, wherein damages for the week of December 8, 2024, accrued on January 16, 2025, and subsequent accrual dates up to May 8, 2025 (id. at 2-3, 20, ¶¶ 1, 4, 82). As a result of the State and CUNY's alleged FLSA violations, as well as failure to compensate claimants for overtime wages, claimants seek damages in the amount of $350,290.04.
By Notice of Motion filed August 21, 2025, the State moves pre-answer to dismiss, pursuant to Court of Claims Act §§ 10 (3), 11 (b), CPLR 3211 (a) (2) and the doctrine of res judicata, on the grounds that claimants failed to timely file and serve the Claim, failed to allege the date it arose and/or the nature of the claim, and seek to relitigate matters previously decided. To wit, the State incorrectly argues that the Claim fails to comply with the Court of Claims Act § 10 (3) in that it was served well pass the 90 days from when the damages were reasonably ascertained. The State further argues that the Claim fails to specify the date of accrual, location and time for any of the listed claims, and instead alleges that the incident took place from December 8, 2024, to April 5, 2025. Due to this lack of compliance with Court of Claims Act § 11 (b), the State argues that the Claim is jurisdictionally defective. The State goes on to argue that the Claim was previously litigated and decided in a previous action and is barred by the doctrine of res judicata, collateral estoppel and stare decisis; that the Claim is an improper attempt to further amend the previous defective Claims that were properly dismissed; and that class certification is not proper for this type of Claim with severance being warranted.
By Affirmation in Opposition filed September 24, 2025, claimants note that Court of Claims Act § 10 (4) applies, not Court of Claims Act § 10 (3), and that the State has already admitted in a prior proceeding that its reliance on that statute was misplaced. Claimants further argue that this Claim is not barred by the doctrine of res judicata or collateral estoppel, because there is no final judgment on the merits. Furthermore, they argue that in an FLSA case, a new [*2]claim arises on each payday on which an employer violates the FLSA by failing to pay overtime, and that claimants here are seeking damages for different periods occurring from December 8, 2024, to April 5, 2025.[FN1]
This Court agrees with claimants. 
Pursuant to Court of Claims Act § 10 (4), "[a] claim for breach of contract, express or implied, and any other claim not otherwise provided for by this section, over which jurisdiction has been conferred upon the court of claims, shall be filed and served upon the attorney general within six months after the accrual of such claim, unless the claimant shall within such time serve upon the attorney general a written notice of intention to file a claim therefor, in which event the claim shall be filed and served upon the attorney general within two years after such accrual." The six-month period contained in Court of Claims Act § 10 (4) is a time limitations period for which the State waives its sovereign immunity, as compared to the two- or three-year limitations period created by Congress for FLSA claims (see Alston v State of New York, 97 NY2d 159, 164 [2001]; Bergmann v State of New York, 281 AD2d 731, 733 [3d Dept 2001]). Any claims filed beyond the six months would be barred as untimely (see Carbone v State of New York, UID No. 2001-015-177 [Ct Cl, Collins, J., Sept. 14, 2001]).
Applying these principles to the matter at bar, the State has failed to establish an entitlement for dismissal. The record reflects that claimants, who are united in interest, joined to file the instant Claim on July 10, 2025, seeking damages for alleged FLSA violations relating to CUNY overtime and pay differentials. For most of these claimants, this is their third attempt to file FLSA claims with the undersigned, and while the allegations in the prior Claims are similar, they finally followed this Court's ruling in a clear attempt to raise new FLSA violations and seek specified damages for a different payroll period. Contrary to the State's arguments, this Court finds no basis to sever the Claims, as actions to recover damages under the FLSA may be brought "by any one or more employees for and in behalf of himself or themselves or other employees similarly situated" (29 USC § 216 [b]; see CPLR 1002; Alshami v State of New York. UID No. 2025-064-046 [Ct Cl, Vargas, J., May 29, 2025). 
While the State again incorrectly argues that Court of Claims Act § 10 (3) applies herein, saying that claimants had only 90 days to file their Claim, the Court finds (again) that the applicable statute is Court of Claims Act § 10 (4), therefore they had to file their Claim within six months of the Claim's accrual. More so, it is clear here that claimants are seeking damages for overtime wages pursuant to the FLSA as opposed to damages resulting from tortious conduct. Indeed, this Court has already repeatedly determined that these Claims fall under a category of claims that are not otherwise provided for under the Court of Claims Act, but over which the Court of Claims has jurisdiction (see Lepkowski v State, 1 NY3d at 207; Alshami v State of New York, UID No.2024-064-005 [Ct Cl, Vargas, J., July 19, 2024]; Alshami v State of New York. UID No. 2025-064-046 [Ct Cl, Vargas, J., May 29, 2025]; Gorski v State of New York, 23 Misc 3d 327 [Ct Cl, 2008]; Dolan v State of New York, UID No. 2002-015-271 [Ct Cl, Collins J., July 1, 2002]). 
Turning next to the timeliness and sufficiency of the Claim, claimants allege accrual [*3]dates as follows: January 16, 2025, January 30, 2025, February 13, 2025, February 27, 2025, March 13, 2025, March 27, 2025, April 10, 2025, April 24, 2025 and May 8, 2025 for a timesheet period extending from December 8, 2024 to April 5, 2025 (see Claim at 20, ¶ 82). Claimants' depiction of the accrual periods is clear and concise and appears to be a precise application of the "time when" provision of Court of Claims Act § 11 (b). There is ample information presented here to enable the State to investigate the Claim and promptly ascertain the existence and extent of its liability (see Wright v State of New York, 43 NY3d 532, 539 [2025]; Lepkowski v State, 1 NY3d at 207).
As discussed earlier, under Court of Claims Act § 10 (4), claimants must file their Claim in the Court of Claims and serve it upon the Attorney General and CUNY within six months after their accrual (see Alston, 97 NY2d at 164; Speers v State of New York, 285 AD2d 872, 872 [3d Dept 2001]). Selecting the earliest accrual date, to be timely, claimants had to file and serve the Claim within six months of January 16, 2025, or by July 16, 2025. It is apparent here, that claimants timely filed their Claim on July 10, 2025, and they timely served CUNY on July 14, 2025, and the Attorney General on July 11, 2025. With this record, the Court finds that claimants have finally met the requisite conditions to assert a Claim against the State and CUNY in this Court. Hence, their Claim has been properly commenced within the meaning of Court of Claims Act §§ 10 (4), 11 (a) and 11 (b). The State's remaining arguments sounding in collateral estoppel, res judicata and stare decisis have no application here.
Accordingly, it is ORDERED that the State's Motion, M-102683, is denied; and it is ORDERED that the State shall file and serve a verified answer as required by the Court of Claims Act.
December 10, 2025New York, New YorkJAVIER E. VARGASJudge of the Court of Claims

Footnotes

Footnote 1:For instance, claimants explain that as per the Claim's timesheet charts, Mr. Alshami has claims for the week of December 8-14, 2024, since he worked more than 40 hours that week; and that his claim accrued on January 16, 2025, because that is when he is supposed to be paid his overtime wages for that week (see Claim, Exh. B).